LIMOLINER, INC., Plaintiff, Appellant,

v.

DATTCO, INC., Defendant, Appellee.

No. 14-2188

United States Court of Appeals, First Circuit.

Entered: October 5, 2016

Robert E. Curtis, Jr., North Andover, MA, James Steven Singer, Rudolph Friedmann LLP, Boston, MA, for Plaintiff, Appellant.

Brian O'Donnell, Reid and Reige PC, Hartford, CT, Christopher Shaw Williams, Boston, MA, for Defendant, Appellee.

Before KAYATTA, STAHL, and BARRON, Circuit Judges.

## JUDGMENT

This case concerns a dispute between a luxury motor coach company, LimoLiner, Inc., and the company LimoLiner engaged to repair one of its coaches, Dattco, Inc. In our prior opinion in this case, we disposed of all the claims at issue in LimoLiner's appeal from an order entered after a four-day bench trial, save for certain ones that pertain to Chapter 93A of the Massachusetts General Laws. LimoLiner, Inc. v. Dattco, Inc., 809 F.3d 33, 42 (1st Cir. 2015). In particular, in our prior opinion,

we declined to resolve LimoLiner's challenge to the ruling below that Dattco was not liable for damages under Chapter 93A because Dattco was not subject to certain Massachusetts state regulations prohibiting unfair or deceptive practices by auto-repair shops. Id. at 36–38. Because those regulations were promulgated pursuant to the Attorney General's authority under Chapter 93A, a violation of the regulations constitutes a per se violation of Chapter 93A. Mass. Gen. Laws ch. 93A, § 2; 940 C.M.R. § 3.16(3).

The ruling in question rested on the determination that those regulations—940 C.M.R. §§ 5.05(2), (3), and (5)—apply only to transactions between individual customers and auto-repair shops, and not to auto-repair transactions initiated by businesses like LimoLiner. Recognizing the importance of the regulations and the absence of controlling Massachusetts precedent as to their application to businesses rather than to noncommercial customers, we certified to the Massachusetts Supreme Judicial Court the question of whether Section 5.05, including the subsections relevant to this appeal, applies to "transactions in which the customer is a business entity." Id. at 38.

The SJC has now answered the certified question in the affirmative by holding that Section 5.05 "was intended to apply to inter-business transactions." LimoLiner, Inc. v. Dattco, Inc., 475 Mass. 420, 423, 57 N.E.3d 969 (2016). In consequence, the order finding that Dattco was not liable under Chapter 93A due to alleged violations of Section 5.05 can no longer be sustained on the legal basis on which it rests. And, although LimoLiner contends in its briefing to us that we can reverse, at least in part, the order finding that Dattco is not liable on the ground that the Magistrate Judge found that certain repairs LimoLiner requested were "not recorded in [Dattco's] written list of repairs," we decline to do so, particularly given that Dattco appears to dispute the relevance of this finding of fact to the issue of Dattco's liability under Chapter 93A for alleged violations of Section 5.05.[1] That dispute, and any others that may be germane to what remains of the suit, is best resolved in the first instance on remand. See Town of Barnstable v. O'Connor, 786 F.3d 130, 143 (1st Cir. 2015) (declining "to decide questions of law upon which the district court has itself not yet focused or addressed other than in passing").

For the reasons stated in our December 23, 2015 opinion, we affirm the Magistrate Judge's disposition of the parties' state-law contract claims. In light of the SJC's answer to our certified question, we vacate the portion of the Magistrate Judge's findings of fact and conclusions of law holding that Dattco was not subject to 940 C.M.R. § 5.05, and therefore was not liable for violations of Chapter 93A, and remand for further proceedings consistent with this opinion. LimoLiner's motion for further orders is, accordingly, granted in part and denied in part. We award no costs under Federal Rule of Appellate Procedure 39(a)(4).

---

1. LimoLiner contends that this finding of fact shows conclusively that Dattco violated Section 5.05(2)(e), which provides that "[it] is an unfair or deceptive act or practice for a repair shop, prior to commencing repairs on a customer's vehicle, to fail to record in writing ... [t]he specific repairs requested by the customer."